# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Candie L. Watson,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-953
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

On February 6, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. R&R, ECF No. 21. Plaintiff objected to the R&R, and the Commissioner responded. ECF Nos. 22 and 25. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff protectively filed for Social Security Disability Insurance benefits, Period of Disability benefits, and Supplemental Security Income benefits on July 9, 2013, alleging that she had been disabled since May 20, 2013. ALJ Decision, ECF No. 11-2, at PAGEID # 856. After her initial applications were denied, Plaintiff went before Administrative Law Judge ("ALJ") Jason Earnhart for a hearing. *Id.* On September 17, 2015, the ALJ issued an opinion denying Plaintiff benefits. *Id.* at PAGEID ## 856–76. Following the Appeals Council's denial of

her request for review, the ALJ's opinion became final on August 9, 2016. Appeals Council Decision, ECF No. 11-2, at PAGEID # 840.

Plaintiff subsequently filed a timely Complaint for review in this Court pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Errors and recommended the Court affirm the Commissioner's decision. Plaintiff objected to the Magistrate Judge's recommendation.

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her R&R. R&R 1–16, ECF No. 21. The Court consequently adopts the fact summary and repeats only those facts relevant to the resolution of Plaintiff's objections.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human*

Servs., 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff raises three objections to the Magistrate Judge's R&R. First, Plaintiff asserts that the ALJ's mental residual functional capacity ("MRFC") was not supported by substantial evidence. Next, Plaintiff argues that the ALJ erred when he failed to include a limitation for Plaintiff's migraines in his residual

functional capacity ("RFC") determination. Finally, Plaintiff maintains that the ALJ did not provide "good reasons" for assigning little weight to Plaintiff's treating physician, Dr. Zimmerer. The Court will address each objection in turn.

### A. The ALJ's MRFC determination

Plaintiff first objects to the ALJ's MRFC determination on the basis that the ALJ "purported to adopt the state agency reconsideration determination of [the] MFRC, but never addressed that opinion's inclusion of a need for 'breaks during the day.'" Obj. 2, ECF No. 22. Upon *de novo* review, however, the Court agrees with the Magistrate Judge's conclusion that additional breaks were not required.

At issue are the statements made by Courtney Zeune, Psy.D. and Bonnie Katz, Ph.D. in their capacities as state agency reviewing psychologists, which were adopted by the ALJ. Specifically, Dr. Zeune wrote in Plaintiff's RFC limitation section that "[c]laimant is capable of maintaining concentration on 1-2 step tasks[;] [s]he *would benefit from breaks during the work day* to maximize her ability to persist on tasks." Dr. Zeune Report, ECF No. 11-4, at PAGEID # 996 (emphasis added). Plaintiff interprets the statement about benefitting from breaks to require that Plaintiff have additional breaks during the normal workday aside from the regular breaks.

As the Magistrate Judge discussed, "[n]either Dr. Katz nor Dr. Zeune concluded that Plaintiff required frequent or additional breaks or unscheduled breaks. Nor did they conclude that she would be off task a certain percentage of the day unless [s]he took more breaks than normal." R&R 26, ECF No. 21.

Plaintiff contends that this outcome cannot be the case because "either [Drs. Zeune and Katz] stated something fantastically obvious, or [they] stated an impairment that could require some form of accommodation." Obj. 2–3, ECF No. 22. Plaintiff's assertion fails to persuade, however, because it is merely an assertion based on her own interpretation of the phrase "breaks during the workday," not legal or other record evidence to demonstrate why her interpretation should control. Without clear and explicit statements by the doctors in the record that Plaintiff would require "additional" or "extra" or "frequent" breaks during the workday, the Court finds that the ALJ's MRFC was consistent in that it adopted the explicitly opined limitations by the those doctors. This is especially so in light of the fact that neither doctor opined that Plaintiff would be off-task more than normal without additional breaks, and also that Plaintiff was only moderately limited in her "ability to perform at a consistent pace without an unreasonable number and length of rest periods." Dr. Zeune Report, ECF No. 11-4, at PAGEID # 996; Dr. Katz Report, *id.* at PAGEID # 1011. Plaintiff's first objection is **OVERRULED**.

### B. The ALJ's treatment of Plaintiff's migraine symptoms

Plaintiff next objects to the Magistrate Judge's R&R, stating that it did not accurately review the ALJ's failure to include RFC limitations for Plaintiff's migraines. Obj. 3–4, ECF No. 22. In particular, Plaintiff points out that the R&R "leaned heavily upon the notion that the ALJ was on firm ground because [Plaintiff] did not challenge the ALJ's credibility determination." *Id.* at 4. Plaintiff

contends, however, that her credibility "would not have been an issue" if the ALJ, and in turn the Magistrate Judge, would have accurately considered the "objective record created" by neurologist Bryan Bjornstad. Upon *de novo* review, the Court finds this argument meritless.

The inherent problem with Plaintiff's argument is that Dr. Bjornstad's treatment notes are simply recording Plaintiff's *own subjective complaints* of pain with regard to her migraines. See Dr. Bjornstad Report, ECF No. 11-7, at PAGEID # 1430–33 (documenting that Plaintiff reported headaches, "describ[ing] [them] as sharp and severe" despite Dr. Bjornstad's findings of "unremarkable," "negative," and "normal" test results during an extensive evaluation, including a MRI and Head CT scan). The Court could not find in its review of Dr. Bjornstad's treatment notes a statement made by him about Plaintiff's severe or debilitating migraines aside from his notes documenting her own reporting of symptoms, nor does Plaintiff point the Court to any such statements by Dr. Bjornstad. Thus, the Magistrate Judge was correct in assessing the ALJ's consideration of Dr. Bjornstad and Plaintiff's migraines within the context of Plaintiff's credibility since the objective medical findings—i.e., the MRI and CT scan—did not indicate symptoms which would impair Plaintiff's ability to work. See *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 559 (6th Cir. 2014) ("A severe mental impairment is 'established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statement of symptoms.'") (citations omitted).

To the extent Plaintiff is really trying to circumvent her failure to raise a credibility objection in her Statement of Errors, such an argument likewise fails. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, (6th Cir. 2010) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (internal quotation marks and citation omitted). The Magistrate Judge concluded that the ALJ's determination finding Plaintiff to be "not entirely credible" was supported by substantial evidence, a conclusion which Plaintiff did not precisely challenge in her Statement of Errors, and thus, cannot challenge at this juncture. Having found that Plaintiff waived any credibility objection by not bringing it before the Magistrate Judge, the Court likewise concludes that the ALJ's decision to not include a specific migraine RFC limitation was supported by substantial evidence based on Plaintiff's incredibility in reporting her symptoms. Accordingly, Plaintiff's second objection is **OVERRULED**.

**C. The ALJ's assignment of weight to treating physician Dr. Zimmerer**

Plaintiff's final objection is that the ALJ failed to give "good reasons" for assigning little weight to Plaintiff's treating physician, Dr. Zimmerer. Plaintiff first takes issue with the reasoning of the Magistrate Judge, stating that "the R&R endorsed the ALJ's claim that Dr. Zimmerer did 'not provide sufficient clinical and laboratory data to support his conclusion'" and goes on to argue that "[t]his was an inarticulate and thus unreached standard, and thus constituted legal error." Plaintiff further states that "the R&R would allow the ALJ to denigrate a medical doctor's capacity to identify psychiatric limitations." Obj. 5, ECF No. 21.

As an initial matter, the Court does not find Plaintiff's characterization of the Magistrate Judge's R&R accurate. Although Plaintiff is correct in stating that the Magistrate Judge cited to the ALJ's finding that Dr. Zimmerer's failure to provide sufficient clinical and laboratory data, Plaintiff fails to include the rest of the paragraph where the Magistrate Judge discussed the ALJ's opinion, which notes:

> [that Dr. Zimmerer] failed to provide a detailed function-by-function analysis that demonstrates the ability to perform any type of gainful activity (addressing the November 2013 opinion only), that his conclusions address an area that is specifically reserved to the Commissioner, and that he is a family practice physician with no reported expertise or training in mental health. [The ALJ] also noted that on the June 2015 statement, Dr. Zimmerer indicated that the opined limitations only existed "the past year," which the ALJ stated "suggests that even [Dr. Zimmerer] did not consider [Plaintiff's] limitations as severe prior to June 2014 . . . . Finally, the ALJ pointed out that "Dr. Zimmerer has even noted three months earlier that he was unable to find any dramatic abnormality/dramatic physical finding to explain [Plaintiff's] reported symptoms." [] The ALJ concluded that "[t]he totality of the medical evidence clearly supports that Plaintiff is not as severely [limited as] [sic] assessed by Dr. Zimmerer."

R&R 28, ECF No. 21 (internal citations omitted) (some alterations made in original). In context then, the Court does not find that the Magistrate Judge used the supportability factor as "an ever-mobile goalpost" like Plaintiff contends. *See* Obj. 5, ECF No. 22.

Similarly, the Court does not find that the R&R endorses or permits an "ALJ to denigrate a medical doctor's capacity to identify psychiatric limitations" as

Plaintiff maintains. Instead, the Magistrate Judge addressed one of the *Wilson* factors, specialization, by concluding:

> Plaintiff's argument that the ALJ committed reversible error by dismissing Dr. Zimmerer's opinion based on his lack of mental-health specific expertise does not alter the undersigned's decision. Rather, the ALJ properly considered Dr. Zimmerer's lack of specialization in evaluating his opinions. *See* 20 C.F.R. § 404.1527(c)(4) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *Wilson*, 378, F.3d at 544 (specialization is an appropriate consideration). Certainly, if Dr. Zimmerer's lack of mental health expertise was the ALJ's sole basis for rejecting Dr. Zimmerer's opinion, the undersigned might reach a different conclusion. *See Drew v. Commissioner of Social Security*, No. 3:16-cv-00289, 2017 WL 2805098, at *6 (S.D. Ohio June 29, 2017) (finding the ALJ's rejection of a family practice treating physician *solely* because he made a mental health diagnosis was not supported by good reasons) (emphasis added) *report and recommendation adopted*, No. 3:16-cv-289, 2017 WL 3024248, at *1 (S.D. Ohio July 17, 2017). But as discussed above, Dr. Zimmerer's lack of specialization was just one of many factors the ALJ considered in weighing his opinions.

R&R 30–31, ECF No. 21 (alterations in original). Thus, the Magistrate Judge's R&R did not stand for the proposition that an ALJ can discount a treating physician's opinion solely on the basis that a family physician made a psychological diagnosis. As the Magistrate Judge correctly pointed out, however, the ALJ is required by regulation to consider certain factors, including whether a doctor has a specialization in a certain field upon which he is making a medical diagnosis, when evaluating a medical opinion. 20 C.F.R. § 404.1527(c)(4).

Moreover, the Court finds upon *de novo* review that the ALJ did provide sufficient "good reasons" for assigning little weight to Dr. Zimmerer's opinion.

When evaluating medical opinion evidence in a Social Security case, "the ALJ is bound by the so-called 'treating physician rule,' which generally requires the ALJ to give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010). The Commissioner is required to give a treating physician's opinion controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . ." 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is not given controlling weight, then the Commissioner must offer "good reasons" as to the weight given instead. *Id.* at § 404.1527(c)(2). "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

Specifically, the ALJ must weigh certain factors (known as *Wilson* factors) to determine how much weight to afford the treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (listing factors for the ALJ to consider, such as: the length of the treating relationship; the frequency of

treatment; the nature and extent of the treatment relationship; the supportability of the opinion; the consistency of opinion with the record as a whole; and the specialization of the treating physician). "A failure to follow the procedural requirement 'of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Friend*, 375 F. App'x at 551 (quoting *Rogers*, 486 F.3d at 243).

Here, the ALJ discussed almost all of the *Wilson* factors in his analysis of Dr. Zimmerer's opinion. As discussed above, the ALJ found Dr. Zimmerer's opinion was not supported by, or consistent with, other substantial evidence in the record because his opinion had insufficient "clinical and laboratory data" to support his conclusions and conflicted with other medical evidence. ALJ Decision, ECF No. 11-2, at PAGEID # 871. Moreover, Dr. Zimmerer's opinions were not even supported by his own treatment notes in that on the one hand he found Plaintiff to be "disabled," Dr. Zimmerer Report, ECF No. 11-7, at PAGEID # 1267, and requiring less than sedentary work, while also stating, on the other hand, that "I have to admit I couldn't find any dramatic abnormality . . . . There is not dramatic physical findings," *id.* at PAGEID # 1593; "[P]laintiff continues to have severe pain and I am uncertain to be able to determine what her underlying etiology is," *id.* at PAGEID # 1597; "[t]here is no clinical evidence of significant nerve impingement. She may need therapy to deal with the psychological effects

of chronic pain," *id.* at PAGEID # 1300; "[s]he seems to have joint sensitivity with movement. There is no obvious joint swelling or instability . . . [t]here is no obvious etiology for her diffuse discomfort." ECF No. 11-8, at PAGEID # 1601. The ALJ cited to Exhibits 15F/17F as well as 21F where most of the just-quoted statements by Dr. Zimmerer are located. ALJ Decision, ECF No. 11-2, at PAGEID ## 871–72. The Court likewise finds the ALJ's discussion of Dr. Zimmerer's lack of psychological specialization an appropriate factor to consider, in the context of other factors, when making his decision, as discussed in more detail above by the Magistrate Judge. Also of note, Plaintiff does not point to contrary record evidence indicating Dr. Zimmerer's opinion actually is consistent with or supported by objective medical evidence. Finally, Plaintiff's final argument, that the ALJ "engaged in baseless speculation as to the nature of the doctor-patient relationship," does not otherwise persuade in light of all the other evidence discussed above; thus, the Court will not devote any more time to it. For the reasons stated herein, Plaintiff's third objection is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 22, **AFFIRMS AND ADOPTS** the R&R, ECF No. 21, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**